IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICKY LAMAR HOGAN,              :
                                :
          Plaintiff             :
                                :
VS.                             :         CIVIL ACTION NO. 5:12-CV-391 (CAR)
                                :
GRADY HEALTH SYSTEM, INC.; *et al.*,  :
                                :
          Defendants            :
_____:         **ORDER**

Plaintiff **RICKY LAMAR HOGAN,** presently incarcerated at Baldwin State Prison in Hardwick, Georgia, has filed a 30 page "affidavit" along with 142 pages of exhibits. Due to the nature of Plaintiff's allegations, the Court has construed the action as a a *pro se* civil rights complaint under 42 U.S.C. §1983.[1] Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due

---

[1] To the extent that Plaintiff seeks to institute criminal proceedings against the various Defendants named in his "affidavit," he may not do so. Plaintiff cannot initiate criminal pleadings on his own initiative because "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Furthermore, federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Id*.

process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has a prolific filing history. He has filed approximately 43 actions in the federal district courts. At present, at least four of his complaints or appeals have been dismissed as frivolous or failing to state a claim pursuant to 28 U.S.C. § 1915: *Hogan v. Georgia State Prison,* 6:99-CV-65 (S. D. Ga. June 30, 1999); *Hogan v. Georgia State Prison,* 6:01-CV-72 (S. D. Ga. October 22, 2001); *Hogan v. Georgia Dep't of Corr.,* 1:02-CV-1296-CAM (N. D. Ga. January 9, 2003); *Hogan v. Georgia Dep't of Corr.*, 1:04-CV-1355-CAM (N. D. Ga. June 30, 2004).

Because Plaintiff has had at least four (4) prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff alleges that various Defendants kidnaped him shortly after his birth on August 8, 1960 at Grady Memorial Hospital in Atlanta, Georgia. He states that these Defendants then medically implanted him with an electronic device, which enables them to monitor him and conduct secret medical experiments on him. Plaintiff claims that the Defendants have subjected him to various unnecessary operations throughout his life, removing his vital organs to make room for additional electronic devices to be implanted in his body. Plaintiff claims the Defendants have tortured him, sexually assaulted him, and conducted numerous painful and life-threatening medical experiments on him throughout his lifetime. Plaintiff 's allegations describe scenarios that are clearly removed from reality. His claims are undoubtedly "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Such claims do not establish that Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g)

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action

is **DISMISSED** without prejudice.[2]

**SO ORDERED**, this 12th day of October, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[2]In ***Dupree v. Palmer***, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.